UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JIMMIE MCCALL<br>27400 CHARDON ROAD, SUITE 701<br>WILLOUGHBY HILLS, OH 44092<br><br>on behalf of himself and all others<br>similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>SOFT-LITE L.L.C.<br>c/o CORPORATION SERVICE<br>COMPANY<br>50 WEST BROAD STREET, SUITE 1330<br>COLUMBUS, OH 43215<br><br>  Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

  Now comes Plaintiff Jimmie McCall, by and through undersigned counsel, and for her Complaint against Defendant Soft-Lite L.L.C. states and alleges the following:

## INTRODUCTION

  1. Plaintiff institutes this "collective action" as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly-situated manufacturing employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

## JURISDICTION AND VENUE

  2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a United States citizen and a Lake County, Ohio resident.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7. At all times relevant herein, Defendant was a foreign corporation organized and existing under the laws of the State of Delaware, licensed to conduct business in the State of Ohio, with a physical location at 10250 Philipp Parkway, Streetsboro, Ohio 44241

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

9. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Defendant manufactures doors and windows.

14. Defendant employed Plaintiff as a manufacturing employee from approximately June 2020 through the present.

15. Specifically, Plaintiff has worked as a machine operator.

16. At all times relevant herein, Defendant employed similarly-situated manufacturing employees whose job titles included, but were not limited to, machine operator, window balancer, maintenance technician, factory assembler, and sill punch operator.

17. Plaintiff's duties, and the duties of other similarly-situated manufacturing employees, included, but were not limited to, material handling and assembling window components.

18. Defendant classified Plaintiff and other similarly-situated manufacturing employees as non-exempt from the FLSA's compensation requirements.

19. Defendant paid Plaintiff and other similarly-situated manufacturing employees on an hourly basis.

20. Plaintiff and other similarly-situated manufacturing employees frequently worked more than 40 hours per week.

21. Plaintiff works, on average, 50 hours each week.

**(Failure to Pay for All Hours Worked)**

22. Defendant only paid Plaintiff and other similarly-situated manufacturing employees for work performed between their scheduled start and stop times and did not pay them for the following work they performed before their scheduled start times and/or after their scheduled stop times: (a) changing into and out of personal protective equipment including, *inter alia*, safety glasses, gloves, masks, ear protection, and/or steel-toe boots; (b) getting work

3

instructions and/or attending meetings to receive information necessary to perform their manufacturing work; (c) walking to their assigned work area; and/or (d) performing manufacturing work that was identical to the work they performed between their scheduled start and stop times.

23. Defendant required Plaintiff and other similarly-situated manufacturing employees to perform the following activities, which were integral and indispensable to their principal activities, and which Plaintiff and other similarly situated manufacturing, production, machine operation, line process, and/or assembler employees performed for Defendant's benefit: (a) changing into and out of personal protective equipment; (b) getting work instructions and/or attending meetings to receive information necessary to perform their manufacturing work; (c) walking to their assigned work area; and/or (d) performing manufacturing work that was identical to the work they performed between their scheduled start and stop time.

24. Plaintiff and similarly-situated manufacturing employees could not perform their principal activities if they dispensed of the following activities, which are intrinsic elements of their principal activities: (a) changing into and out of personal protective equipment; (b) getting work instructions and/or attending meetings to receive information necessary to perform their manufacturing work; (c) walking to their assigned work area; and/or (d) performing manufacturing work that was identical to the work they performed between their scheduled start and stop time.

25. In addition to being integral and indispensable to performing their principal activities, and intrinsic elements of their principal activities, Defendant and the Occupational Safety and Health Administration ("OSHA") required Plaintiff and other similarly-situated manufacturing employees to don personal protective equipment. The time that Plaintiff and other similarly-situated manufacturing employees spent donning personal protective equipment helped keep the work area safe and promote an efficient manufacturing process; thus, the time that

Plaintiff and other similarly-situated manufacturing employees spent donning personal protective equipment benefitted Defendant. Therefore, the time Plaintiff and other similarly-situated manufacturing employees spent changing into and out of personal protective equipment was a principal activity that started their continuous workday.

26. Plaintiff and other similarly-situated manufacturing employees performed the following work after performing the principal activity of changing into and out of their personal protective equipment: (a) getting work instructions and/or attending meetings to receive information necessary to perform their manufacturing work; (b) walking to their assigned work area; and/or (c) performing manufacturing work that was identical to the work they performed between their scheduled start and stop time .

27. Because Plaintiff and other similarly-situated manufacturing employees performed the work described in the preceding paragraph after performing the principal activity of changing into and out of their personal protective equipment, the time spent performing such work was compensable.

28. Defendant did not compensate Plaintiff and other similarly-situated manufacturing employees for time they spent performing the following activities before their scheduled start and/or after their scheduled stop times: (a) changing into and out of personal protective equipment; (b) getting work instructions and/or attending meetings to receive information necessary to perform their manufacturing work; (c) walking to their assigned work area; and/or (d) performing manufacturing work that was identical to the work they performed between their scheduled start and stop time.

29. Plaintiff and other similarly-situated manufacturing employees each spent approximately 20 minutes per day performing these required, but unpaid, work activities.

5

30. As a result of Defendant's practices and policies, Defendant did not compensate Plaintiff and other similarly-situated manufacturing employees for all the time they worked.

31. As a result of Defendant's practices and policies, Defendant did not compensate Plaintiff and other similarly-situated manufacturing employees for time they worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which they were employed.

**(Failure to Keep Accurate Records)**

32. Defendant failed to make, keep, and preserve records of the unpaid work that Plaintiff and other similarly-situated manufacturing employees performed before their scheduled start times and/or after their scheduled stop times.

33. Recording Plaintiff's and other similarly-situated manufacturing employees' unpaid work was not practically or administratively difficult for Defendant, as Defendant could have precisely recorded this work for payroll purposes by allowing Plaintiff and other similarly-situated manufacturing employees to clock in and be paid before their scheduled start times and after their scheduled stop times.

**(Willful Violation of the FLSA)**

34. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

35. Plaintiff brings Count One of this action individually pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

36. The class that Plaintiff seeks to represent and for which Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is

6

composed of and defined as follows:

> All former and current manufacturing employees of Soft-Lite L.L.C.
> between the last three years and the present.

37. Plaintiff is currently unable to state the exact size of the potential class, but upon information and belief, avers that it consists of at least 500 persons.

38. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

39. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated with respect to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on their behalf and her own in bringing this action.

40. These similarly-situated manufacturing employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings Count Two of this action to Fed. R. Civ. P. 23(a) and (b)(3) individually and on behalf of all other members of the class ("the Ohio Class") defined as:

> All former and current manufacturing employees of Soft-Lite L.L.C.
> between the last three years and the present.

42. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at the time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 500 persons.

7

43. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

   (a) whether Defendant failed to pay overtime compensation to its employees for hours worked in excess of 40 each workweek;

   (b) whether Defendant failed to pay its employees for work performed between client appointments; and

   (c) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

44. Plaintiff's claims typical of other Ohio Class members' claims. His claims arise out of the same uniform course of Defendant's conduct, and are based on the same legal theories, as other Ohio Class members' claims.

45. Plaintiff will fairly and adequately protect the Ohio Class members' interests. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. His counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

46. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

47. A class action is superior to other available methods for fair and efficient adjudication. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification

of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Defendant's practice and policy of not paying Plaintiff and other similarly-situated manufacturing employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 C.F.R. § 785.24.

50. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the FLSA.

51. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated manufacturing employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (OMFWSA Overtime Violations)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Defendant's failure to pay Plaintiff and other similarly-situated manufacturing employees overtime compensation at the rate of one and one-half times her regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

54. Defendant's failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated manufacturing employees violated the OMFWSA, R.C. § 4111.08.

55. By engaging in the above-mentioned activities, Defendant willfully, knowingly, and/or recklessly violated the provisions of the OMFWSA.

56. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated manufacturing employees have been damaged in that they have not received overtime due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court enter judgment in their favor and:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation, pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff and the class liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

D. Award Plaintiff and the class actual damages for unpaid wages;

E. Award Plaintiff and the class liquidated damages calculated as an additional wo times the amount of unpaid minimum wages found due to Plaintiff and the class under the OMFWSA;

F. Award Plaintiff and the class pre- and post-judgment interest at the statutory rate;

G. Award Plaintiff and the class reasonable attorneys' fees, costs, and disbursements; and

H.      Award Plaintiff and the class such further relief as this Court deems just and proper.

Respectfully submitted,

s/ Alanna Klein Fischer
Alanna Klein Fischer (Ohio 0090986)
Anthony J. Lazzaro (Ohio 0077962)
Lori M. Griffin (Ohio 0085241)
Matthew S. Grimsley (Ohio 0092942)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
alanna@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
matthew@lazzarolawfirm.com

Plaintiff's Attorneys

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Alanna Klein Fischer
One of Plaintiff's Attorneys