UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JIMMIE MCCALL, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SOFT-LITE, LLC,<br><br>    Defendant. | CASE NO. 5:22-cv-816<br><br>JUDGE SARA LIOI<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, EXPEDITED OPT-IN DISCOVERY, AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS** |

**I.      INTRODUCTION**

Plaintiff has exceeded his modest burden for the Court to conditionally certify a Collective of similarly situated employees—who worked at just *one* facility—under the fairly lenient conditional certification standard. Defendant's Opposition consists of improper merits-based arguments and reads like a motion for summary judgment or a motion for decertification. Defendant asks the Court to engage in a merits-based analysis of Plaintiff's claims, consider alleged individual differences, resolve factual disputes, and make credibility determinations. Yet, such considerations are improper at the notice and conditional certification stage. Defendant may raise such arguments at the second stage of the two-tier similarly-situated analysis after notice has been issued, the opt-in period has expired, and discovery has been completed.

**II.     LAW AND ARGUMENT**

   **A.     The Court should not defer its conditional certification decision until the Sixth Circuit rules in the *Holder* appeal.**

Defendant asked this Court to stay Plaintiff's Motion for Conditional Certification, and thus delay the notice period and deprive proposed FLSA collective members of the ability to timely opt-in, due to Defendant's speculative belief that the Sixth Circuit may contradict its well-settled

precedent on FLSA collective actions because it granted petitions for permission to appeal in *In re: A&L Home Care and Training Ctr, et al.*, Sixth Circuit Case No. 21-0305, and *In re: Larry Holder, et al.*, Sixth Circuit No. 21-0306.[1] *See* Doc. No. 19 at 192, *et seq.* The Court should not defer its decision.

First, deferring ruling on conditional certification, and thus, delaying the notice process, would harm the proposed Collective. Indeed, it will be at least several months before the Sixth Circuit decides the *Holder* appeal. Meanwhile, the statute of limitations is running on the potential Collective members' claims and will continue to run until they have an opportunity to opt in. Hence, "[t]he 'opt-in' nature of the collective action 'heightens the need for employees to receiv[e] accurate and timely notice concerning the pendency of the collective action." *Ouellette v. Ameridial, Inc.*, No. 5:16-cv-2144, 2017 WL 2972636, *2 (N.D. Ohio July 12, 2017) (citing *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 483 (S.D. Ohio 2014) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989))). Staying this case, and thus, delaying the notice period, would effectively deprive putative Collective members of timely opting in and fully vindicating their FLSA rights. In fact, many of the potential opt-ins' claims would likely be time-barred by the time the Sixth Circuit decides *Holder* appeal.

Second, staying this case, based on mere speculation that the Sixth Circuit could contradict its own precedent on conditional certification in FLSA actions, would be unjust. Indeed, the Sixth Circuit has approved the two-stage certification framework and has consistently relied upon it in FLSA collective actions for more than 15 years. *See Comer v. WalMart Stores, Inc.*, 454 F.3d 544,

---

[1] For reference, Plaintiff refers to the petitions for permission to appeal in *In re: A&L Home Care and Training Ctr, et al.*, Sixth Circuit Case No. 21-0305, *In re: Larry Holder, et al.*, Sixth Circuit No. 21-0306, and the resulting appeal in *Brooke Clark, et al. v. A&L Home Care and Training Center, LLC, et al.*, Sixth Circuit No. 22-3101, as "*Holder*" or the "*Holder* appeal".

546 (6th Cir. 2006) (expressing approval of two-stage certification test); *Monroe v. FTS USA, LLC*, 860 F.3d 389, 396 (6th Cir. 2017) ("Courts typically bifurcate certification of FLSA collective action cases"); *Frye v. Baptist Mem'l Hosp., Inc.*, 495 Fed.Appx. 669, 670 (6th Cir. 2012) ("class certification typically occurs in two stages: conditional and final certification."); *Taylor v. Pilot Corp.*, 697 Fed.Appx. 854, 857 (6th Cir. 2017) ("Generally, 'class certification' in a collective action unfolds in two stages."); *Heibel v. U.S. Bank Nat'l Ass'n*, No. 2:11-cv-593, 2012 WL 4463771, *2 (S.D. Ohio Sept. 27, 2012) ("the Sixth Circuit has implicitly upheld a two-step procedure for determining whether an FLSA case should proceed as a collective action." (citing *In re HCR ManorCare, Inc.*, No. 113866, 2011 WL 7461073, *1 (6th Cir. Sept. 28, 2011)); *Ziemski v. P & G Hospitality Group, LLC*, No. 1:10-cv-2920, 2011 WL 1366668, *1 (N.D. Ohio Apr. 12, 2011) ("The Sixth Circuit expressed approval for the two-phase test developed by the district courts in the Sixth Circuit"). While it is possible that the Sixth Circuit could expand upon or deviate from this precedent, such a theoretical possibility in the future does not justify delaying justice today.

**B. The Court should not defer its conditional certification decision until the parties conduct discovery.**

Defendant further seeks to delay notifying Collective members of their legal rights by asking the Court to defer ruling on Plaintiff's Motion until the parties have conducted discovery. *See* Doc. No. 19 at 192. However, as discussed below, district courts in the Sixth Circuit determine if a plaintiff the satisfied her burden for conditional certification "based only on the pleadings and any affidavits which have been submitted." *Douglas v. GE Energy*, No. 1:07-cv-77, 2007 WL 1341779, *4 (N.D. Ohio Apr. 30, 2007). Defendant cites *Neff v. U.S. Xpress, Inc.*, No. 2:10-CV-00948, 2013 WL 1131070 (S.D. Ohio Mar. 18, 2013), *report and recommendation adopted,* No. 2:10-CV-948, 2013 WL 4479078 (S.D. Ohio Aug. 20, 2013) as its only example of a court within

the Sixth Circuit "allowing three months of specifically tailored collective action discovery prior to conditional certification". Doc. No. 19 at 195. However, *Neff* merely held that *because* the parties had conducted limited discovery regarding conditional certification, a slightly higher evidentiary standard was appropriate for conditional certification. *Neff*, 2013 WL 1131070 at *4. Delaying conditional certification to conduct discovery before additional potential opt-ins even receive notice of this lawsuit would defeat the two-stage certification process's purpose.

In support of its Opposition, Defendant has submitted and cites to a declaration from Rachel Boland. *See* Doc. No. 19 at 194; Doc. No. 19-1 at 209-14. However, Courts in the Sixth Circuit consistently hold that it is improper to consider a defendant's competing declarations at the conditional certification stage, which would "constitute a premature examination of the merits of the FLSA claims." *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 891 (S.D. Ohio 2016); *see also Slaughter v. RMLS Hop Ohio, LLC*, No. 2:19-cv-3812, 2020 WL 1929383, *8 (S.D. Ohio Apr. 21, 2020) (declining to consider the defendant's declaration, as doing so "would be making factual, credibility, and merits determinations."); *Seldomridge v. Fifth Third Bank*, No. 1:18-cv-553, 2019 WL 3842403, *4 (S.D. Ohio Aug. 15, 2019) ("the Court [should not] consider the declarations submitted by Defendant, as doing so at this stage of the litigation would 'constitute a premature examination of the merits of the FLSA claims.'") (quoting *Myers*, 201 F. Supp. 3d at 891). Accordingly, Defendant's declaration carries no weight and should be disregarded. *See, also, Pearson v. CSK Auto, Inc.,* No. 1:12CV2905, 2014 WL 1333273, at *3 (N.D. Ohio Mar. 28, 2014) (holding that the defendant's arguments against conditional certification, including that employees received a handbook containing policies on meal breaks, schedules, and compensation, and were given the opportunity every pay period to review and sign-off on their hours worked, "[we]re not relevant to this early analysis").

### C. Plaintiff has satisfied his evidentiary burden for conditional certification over *one* facility.

Despite Defendant's call for "caution" (*see* Doc. No. 19 at 195), Plaintiff has satisfied his burden for conditional certification. The Complaint and four declarations submitted in support of Plaintiff's Motion establish the following: (1) Defendant employed Plaintiff and the opt-in Plaintiffs (collectively "Plaintiffs") as manufacturing employees; (2) Plaintiffs' job duties included material handling and assembling window components; (3) Defendant classified Plaintiffs as non-exempt, hourly employees; (4) Defendant subjected Plaintiffs to the same pay policies and practices and only paid them for work performed between their scheduled start and stop times; (5) Defendant did not pay Plaintiffs for at least some of the work they performed before and/or after their scheduled start and stop times; (6) the work that Plaintiffs performed before and/or after their scheduled start and stop times were integral to their assigned job duties; (7) Plaintiffs observed that Defendant required other manufacturing employees with substantially similar job duties to perform the same kinds of work before and/or after their scheduled start and stop times; and (8) Defendant did not pay Plaintiffs overtime compensation at the rate of one and one-half times their regular rate for all hours worked in excess of 40 each workweek. Doc. No. 1 at 4, *et seq.*; Doc. No. 15-3 at 104-08; Doc. No. 15-4 at 111-22. Plaintiff has thus exceeded his modest burden and demonstrated that common theories of Defendant's statutory violations unify him and the proposed Collective.

As stated above, a plaintiff's burden for establishing conditional certification is "based only on the pleadings and any affidavits which have been submitted." *Douglas*, 2007 WL 1341779, *4. In granting conditional certification over a *nationwide* class, the Eastern District of Michigan held that the plaintiff's declarations demonstrated a "unified policy of violations":

> He says that as a manufacturing employee at the Jackson facility, he was paid only

> for his scheduled 40-hour work week, which excluded other work, such as donning and doffing, retrieving tools, walking to the manufacturing floor, and other manufacturing work. He says that this other work was done in excess of his 40-hour work schedule and, therefore, he should have received overtime compensation for that time. The opt-in plaintiffs, who worked at other Dawn Food Products facilities, make the same representations in their declarations. This is a sufficient showing that there is a common, unified policy[.]

*Potter v. Dawn Food Prod., Inc.*, No. 20-10926, 2020 WL 6882908, at *3 (E.D. Mich. Nov. 24, 2020). Here, Plaintiff—who has offered declarations of three Opt-In Plaintiffs, his declaration, and the Complaint's allegations—has more than satisfied his "modest burden" and demonstrated that common theories of Defendant's statutory violations unify him and the proposed collective—all of whom worked at the *same* facility. Plaintiff has established a unified policy and practice, even though "[s]howing a 'unified policy' of violations is not required." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009).

Indeed, Plaintiff need not prove that a single policy of violations unifies him and the proposed collective. *Killion v. KeHE Distributors*, No. 3:12 CV 1585, 2012 WL 5385190, at *3 (N.D. Ohio Oct. 31, 2012) (at the notice stage, representative plaintiffs need only "show a colorable basis for their claim that a class of similarly situated plaintiffs exists."); *Does 1, 2 & 3 v. Coliseum Bar & Grill, Inc.*, No. CV 17-12212, 2018 WL 3429984, at *2 (E.D. Mich. July 16, 2018) ("showing a unified policy of violations is not required.") (internal quotation omitted); *Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-CV-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) ("Among other things, the Sixth Circuit has found that employees are similarly situated if they suffer from a single, FLSA-violating policy or their claims are unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.") (internal quotations omitted); *Douglas v. GE Energy*, No. 1:07-cv-77, 2007 WL 1341779, *7 (N.D. Ohio April 30, 2007) ("it is inappropriate to import into the requirement that plaintiffs be 'similarly situated' . . . that they all have been affected by a single, unitary policy.")

"For purposes of the FLSA, similarly situated individuals are those whose causes of action accrued in approximately the same manner as the name plaintiff's." *Murton v. Measurecomp, LLC*, No. 1:07-cv-3127, 2008 WL 5725631, *2 (N.D. Ohio June 9, 2008). "[A] court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Id*. at *2 (quotation omitted).

This action certainly does not arise from circumstances purely personal to Plaintiff. Plaintiff has alleged, and three other similarly-situated employees confirm, that Defendant engaged in conduct that makes a colorable claim under the FLSA. Requiring Plaintiff to provide more evidence than the Complaint's allegations, his declaration's averments, and the Opt-In Plaintiffs' declarations, would require him to conduct significant discovery before additional, potential opt-ins even receive notice, which would defeat the two-stage certification process's purpose.

  **D.**  **Defendant's evidentiary arguments regarding other Collective members are improper.**

Defendant states that Plaintiff has failed to establish "actual knowledge" about other potential Collective members. Doc. No. 19 at 197. Defendant compares Plaintiff's and the Opt-In Plaintiff's declarations to those in *Miner v. Newman Tech., Inc.*, No. 1:21-CV-00694, 2021 WL 3652277 (N.D. Ohio Aug. 18, 2021), which denied conditional certification for a proposed class of manufacturing employees who were not paid for work performed outside their scheduled shift times. Doc. No. 19 at 198. *Miner* denied conditional certification, in part, because the plaintiff's declarations were insufficient. *Id*. at *3. Notably, the court found the declarations, which came from employees whose job titles that included "press operator" and "employee in the shipping department" did not show that "the required donning and doffing is integral and indispensable to their duties." *Id*. at *5. Unlike the *Miner* proposed class, Plaintiff's proposed collective only

includes individuals who had specific job duties and who worked at the *same* facility. Moreover, Plaintiff's declarations describe how and why the work the declarants performed outside of their scheduled shift times was integral to their primary job duties. Thus, *Miner* is dissimilar and not controlling.

Moreover, courts in this Circuit have consistently held that averted observations need not be supported by specific detail, as an employee's personal knowledge of the employment practices to which others were subjected can be inferred. *See, e.g., Bauer v. Transtar Indus., Inc.*, 2016 WL 1408830, *1 (N.D. Ohio Apr. 11, 2016) (granting conditional certification in unpaid overtime case when opt-ins declared that they "observed that Transtar did this to other employees"); *Roberts v. J.R. Engineering, Inc.*, 2019 WL 5653340, *4 (N.D. Ohio 2019) ("[Plaintiffs'] knowledge can be inferred because they worked in the same facilities as other employees and had the opportunity to personally observe them."); *Myers v. Marietta Mem'l Hosp.*, 201 F.Supp.3d 884, 890 (S.D. Ohio 2016); *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006) ("[A]s employees of [defendant], [plaintiffs] would have learned during the normal course of their employment how the company operates and what the company's policies were.").

**E. Defendant's arguments regarding alleged individualized differences are improper.**

Defendant's arguments regarding, *inter alia*, alleged individualized differences and Defendant's position regarding its own policies and practices, are premature as they address the merits and require the Court to make factual and credibility determinations, which is premature. "The Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations at [the notice] stage of the proceedings." *Cockrell v. Spring Home Health Care LLC*, No. 21-cv-346, 2021 WL 1850702, *3-4 (S.D. Ohio May 10, 2021). Likewise, "[t]he court is not permitted to weigh the parties' competing evidence at this juncture." *Hamm v.*

*Southern Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 876 (S.D. Ohio 2017). *See also Wlotkowski v. Michigan Bell Tel. Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010) (at conditional certification, "'[T]he Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'") (quoting *Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 642 (W.D. Tenn. 2009)).

Defendant alleges several individual differences between putative Collective members, but again, these arguments are premature because at the notice stage, "a defendant cannot overcome [a plaintiff's showing a similarly situated] by arguing that individual issues predominate." *Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995362, *7 (E.D. Mich. Mar. 23, 2012). In *Serbay v. Dialogdirect, Inc.*, the Eastern District of Michigan rejected the defendants' argument that the proposed class members worked for different companies at different locations, used different software and time-keeping systems, followed different login procedures, and received different training, stating:

> Plaintiff need not show that [customer service representatives (CSRs)] on all teams and at all call centers are "identical," only that they are "similar." Moreover, defendants admit to the basic premise of plaintiff's case—that a CSR has to log in to a computer before being paid for time at work. This is enough to meet the "fairly lenient" evidentiary standard for conditional certification of a collective action under the FLSA.

*Serbay v. Dialogdirect, Inc.*, No. 16-12716, 2017 WL 163866, *5 (E.D. Mich. Jan. 17, 2017). Thus, alleged individual differences are irrelevant and do not defeat Plaintiff and the Opt-In Plaintiffs' common theory of Defendant's FLSA-violating practices.

### F. The Court should approve Plaintiff's proposed notice and expedited discovery.

Defendant's objections to Plaintiff's proposed notice are baseless.

First, while Defendant argues that the Collective's scope should be limited to individuals with particular job classifications (Doc. No. 19 at 205), Plaintiff's proposed Collective is limited

to individuals with the same job duties.

Second, Defendant states that the proposed notice includes a three-year statute of limitations, but that Plaintiff "has provided no evidence that any violation was, in fact, willful." Doc. No. 19 at 205. However, as the Northern District of Ohio has held,

> At conditional certification, courts do not determine willfulness. Instead, at this preliminary phase, "courts have determined that the relevant discovery period should be three years and that discovery will confirm whether or not willfulness existed." *Heaps v. Safelite Sols.*, LLC, No. 2:10-cv-729. 2011 WL 1325207, at *6 (S.D. Ohio Apr. 5, 2011) (citing *Iglesias–Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 240 (N.D.N.Y. 2002)). Accordingly, "absent proof to the contrary, an FLSA plaintiff may pursue a claim that the defendant's alleged FLSA violations were willful and thus subject to a three-year statute of limitations under 29 U.S.C. § 255." *McCullen v. Toledo Country Club*, No. 3:18-cv-276, 2019 WL 90809, at *2 (N.D. Ohio Jan. 3, 2019).

*King v. Bailey's Quality Plumbing & Heating LLC*, No. 5:20-CV-00571, 2021 WL 925809, at *7 (N.D. Ohio Mar. 11, 2021). Thus, *King* rejected the defendant's argument that notice should be restricted to class members who worked for the employer in the last two years because the plaintiff had not provided evidence of a willful FLSA violation, holding, "the Court will permit notice to potential class members for the last three years." *Id.* Thus, Plaintiff's proposed Collective definition, going back three years from the notice date, is appropriate.

Third, Defendant states that the Court should not authorize notice via text message or email. Doc. No. 19 at 205-06. However, "courts within the Sixth Circuit have routinely approved dual notification through regular mail and email." *Crosby v. Stage Stores, Inc.*, 348 F.Supp.3d 742, 751 (M.D. Tenn. 2018); *see also Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F.Supp.3d 888, 892 (S.D. Ohio 2018); *Parker v. Ridge*, Case No. 2:170-cv-633, 2018 WL 551328, *6 (S.D. Ohio Jan. 24, 2018). Moreover, due to clear and known issues with regular mail delays and errors, emailing being re-directed, cell phones' prevalence, workers' increasingly migratory nature, and the FLSA's broad remedial purpose, courts are now authorizing notice by text message, in addition

to email and regular mail, without requiring a Plaintiff to first demonstrate that mail and email notice were insufficient. *See, e.g.*, *Pryke v. First Solar, Inc.*, No. 3:21-cv-681, 2021 WL 5027565, *3 (N.D. Ohio Oct. 29, 2021); *Millin v. Brooklyn Born Chocolate, LLC*, 2020 WL 2198125, *3 (E.D.N.Y. May 6, 2020); *Waller v. AFNI, Inc.*, 2020 WL 6694298 *5 (C.D. Ill. Nov. 13, 2020); *Thrower v. Universal Ensco*, 2020 WL 5258521 (S.D. Tex. Sept. 3, 2020); *Felps v. Mewbourne Oil Co., Inc.*, 460 F. Supp. 3d 1232, 1241 (D.N.M. 2020); *Regan v. Hanahan*, 2017 WL 1386334 (D.S.C. Apr. 17, 2017); *Escobar v. Ramelli Group, LLC*, 2017 WL 3024741 (E.D. La. July 17, 2017). In short, there is simply no sound reason to restrict service options to less-effective means. This Court should exercise its discretion and authorize notice via text message, email, and regular mail.

Fourth, Defendant states that the notice should include and describe potential opt-ins' discovery obligations. Doc. No. 19 at 206. However:

> To prevent "chilling participation in the action," courts have typically required only a short statement notifying potential opt-in plaintiffs that they may be required to participate in discovery if they join the action. Rodkey v. Harry & David, LLC, No. 3:16-cv-311, 2017 WL 2463392, at *6 (S.D. Ohio June 7, 2017) (ordering notice to include the following language: "While the suit is proceeding, you may be required to provide information, sit for depositions, and testify in court."); see also Brandenburg v. Cousin Vinny's Pizza, LLC, No. 3:16-cv-516, 2017 WL 3500411, at *9 (S.D. Ohio Aug. 15, 2017) (holding notice should include a "statement that opt-in plaintiffs may be required to participate in written discovery and that they may be required to appear for deposition and/or trial"); Ganci v. MBF Inspection Services, Inc., No. 2:15-cv-2959, 2016 WL 5104891, at *7 (S.D. Ohio Sept. 20, 2016) ("[T]he notice shall include a short statement that opt-in plaintiffs may be required to participate in written discovery and that they may be required to appear for deposition and/or trial.").

*Kilmer v. Burntwood Tavern Holdings LLC*, No. 1:19-CV-02660, 2020 WL 2043335, at *3 (N.D. Ohio Apr. 28, 2020). Thus, Defendant's proposed language ("Joining this lawsuit may require you to participate in discovery, including responding to interrogatories, producing documents, and providing testimony at deposition or trial") (Doc. No. 19-2 at 228) exceeds the language that courts

Page **11** of **13**

in this Circuit have authorized.

Fifth, Defendant states, without any justification, that "the entire class listing should not be provided to plaintiffs' counsel." Doc. No. 19 at 206. However, courts within this Circuit have held, "it is common and appropriate to require defendants to provide each potential class members' contact information, including telephone numbers, and the dates of their employment." *Thomas v. Candid Care Co.*, No. 2:21-CV-5472, 2022 WL 4493918, at *5 (S.D. Ohio Sept. 28, 2022); *Lewis v. Huntington Nat'l Bank*, 789 F.Supp.2d 863, 867 (S.D. Ohio 2011); *Snelling v. ATC Healthcare Servs. Inc.*, 2:11-CV-983, 2012 WL 6042839, *6 (S.D. Ohio Dec. 4, 2012); *Cockrell v. Spring Home Health Care LLC*, No. 21-cv-346, 2021 WL 1850702, *5 (S.D. Ohio May 10, 2021); *De Angelis v. Nolan Enters. Inc.*, 2:17-cv-926, 2019 WL 6715975, *4 (S.D. Ohio, Dec. 10, 2019)). Thus, the Court should grant Plaintiff's request for the entire class listing.

### III. CONCLUSION

For the reasons identified in Plaintiff's Motion for Conditional Certification and herein, Plaintiff respectfully requests that this Honorable Court conditionally certify the proposed FLSA class and implement the procedure stated in the Proposed Order accompanying Plaintiff's Motion.

    Respectfully submitted,

    */s/ Alanna Klein Fischer*
    Alanna Klein Fischer (0090986)
    Anthony J. Lazzaro (0077962)
    Lori M. Griffin (0085241)
    Matthew S. Grimsley (0092942)
    The Lazzaro Law Firm, LLC
    The Heritage Bldg., Suite 250
    34555 Chagrin Boulevard
    Moreland Hills, Ohio 44022
    Phone: 216-696-5000
    Facsimile: 216-696-7005
    alanna@lazzarolawfirm.com
    anthony@lazzarolawfirm.com
    lori@lazzarolawfirm.com

matthew@lazzarolawfirm.com

Plaintiff's Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2023 a copy of the foregoing was sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

*/s/ Alanna Klein Fischer*
Alanna Klein Fischer (0090986)

One of Plaintiff's Attorneys