UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE MCCALL, on behalf of himself and all others similarly situated, | ) ) ) ) | CASE NO. 5:22-cv-816 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| SOFT-LITE L.L.C., | ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of plaintiff Jimmie McCall ("McCall" or "plaintiff") for conditional certification, expedited opt-in discovery, and court-supervised notice to potential opt-in plaintiffs, with a memorandum in support (Doc. Nos. 15 and 15-1). Defendant Soft-Lite L.L.C. ("Soft-Lite" or "defendant") has filed its opposition (Doc. No. 19) and plaintiff filed a reply (Doc. No. 20). For the reasons set forth herein, the Court will defer ruling on this motion and the case is stayed until further order.

McCall, a former employee of Soft-Lite, initiated this action on May 18, 2022, by filing his complaint alleging violations by Soft-Lite of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"). (Doc. No. 1.) McCall seeks to bring claims on behalf of others "similarly situated" and, to that end, he now seeks an order of this Court conditionally certifying a collective consisting of "[a]ll former and current manufacturing employees of Soft-Lite L.L.C. between the last three

years and the present." (*Id*. ¶ 36.)[1] In his motion, McCall identifies how his complaint "states [five] ways in which [p]laintiff and the [c]ollective are similarly situated[.]" (Doc. No. 15-1 at 14.[2])

McCall's motion applies a well-recognized two-step conditional certification process that seems to have been first used in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 352 (D. N.J. 1987) to determine whether potential plaintiffs are "similarly situated." Under that process, the Court may conditionally certify a collective (giving notice to potential plaintiffs who may wish to opt in and providing a period of limited discovery on the "similarly situated" requirement) and then, after the limited discovery, consider whether to decertify the collective.

The Sixth Circuit "does not appear to have expressly adopted *Lusardi*, although the circuit has acknowledged that district courts use the bifurcated certification framework." *Holder v. A&L Home Care & Training Ctr., LLC*, 552 F. Supp. 3d 731, 741–42 (S.D. Ohio 2021) (collecting cases). But the Fifth Circuit has expressly rejected this two-step process because "on the one hand, its flexibility has led to unpredictability, [while] on the other hand, its rigidity distracts district courts from the ultimate issues before it." *Swales v. KLLM Transport Servs., L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021) (holding that "a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated[]' [a]nd then it should authorize preliminary discovery accordingly.").

Although the court in *Holder* conditionally certified a collective, the employer has appealed that decision to the Sixth Circuit, raising the following question for review:

---

[1] As is very typical in this type of case, McCall also brings a class action pursuant to Fed. R. Civ. P. 23 to remedy alleged violations of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA"). This fact does not negatively affect the analysis herein.

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system, a citation practice recently adopted by this Court despite a different directive in the Initial Standing Order for this case.

2

> Whether the district court and other district courts are bound to follow the lenient and Plaintiff-friendly two-step certification process detailed in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 352 (D. N.J. 1987) (predating *Twombly* and *Iqbal*) or if the district court 'should rigorously enforce [the similarity requirement] at the outset of the litigation' after a period of preliminary discovery as held in *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430, 443 (5th Cir. 2021).

*A&L Homecare & Training Ctr., LLC v. Holder*, Sixth Circuit Case No. 22-3101/22-3102 (Doc. No. 20, Brief of Appellant, at 10–11). Oral argument in the case was conducted on December 7, 2022, and an opinion will likely issue relatively soon.

As a result, Soft-Lite argues in its opposition brief that this Court should defer any ruling on McCall's conditional certification motion until the Sixth Circuit resolves *Holder*. (Doc. No. 19, at 11–12.) This Court agrees. *Holder* supplies the potential for a complete rejection by the circuit of the "conditional" certification process. Since the instant case is still "young," judicial economy urges a stay pending the *Holder* decision. Other district courts in this circuit have reached the same conclusion. *See McLemore v. KAV Health Grp., LLC*, No. 3:22-cv-155, 2022 WL 17490394 (S.D. Ohio Nov. 18, 2022) (Gentry, M.J.); *Woods v. First Transit, Inc.*, No. 1:21-cv-739, 2022 WL 4465752 (N.D. Ohio Sept. 26, 2022) (Fleming, J.); *Cordell v. Sugar Creek Packing Co.*, No. 2:21-cv-755 (S.D. Ohio Aug. 16, 2022) (Marbley, J.); *Lovendahl v. The Kroger Co.*, No. 1:21-cv-350, 2022 WL 594806 (S.D. Ohio Feb. 28, 2022) (Barrett, J.).

Accordingly, the Court will defer any ruling on McCall's motion for conditional certification and hereby stays all proceedings until the Sixth Circuit resolves the *Holder* appeal.

The parties are directed to monitor the *Holder* appeal and, upon its resolution, to promptly advise this Court of that fact in writing and shall include a joint proposal for lifting the stay and proceeding with the instant case in light of such resolution.

**IT IS SO ORDERED**.

Dated: January 18, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**