# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JIMMIE MCCALL, | CASE NO. 5:22-cv-816 |
| Plaintiff, | JUDGE SARA LIOI |
| v. | **JOINT MOTION FOR APPROVAL OF SETTLEMENT** |
| SOFT-LITE, LLC, | |
| Defendant. | |

## I. Introduction

Plaintiffs Jimmie McCall, Katrina Deal-McCall, Brandon Boyd, and Tonya McDonald (collectively referred to as "Plaintiffs"), and Defendant Soft-Lite LLC (Plaintiffs and Defendant are collectively referred to as the "Parties") respectfully move this Honorable Court to approve the proposed Settlement reached by the Parties, which is memorialized in the Joint Stipulation of Settlement and Release (the "Settlement" or the "Settlement Agreement"), attached as Exhibit 1.

The proposed settlement will resolve bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03. The Complaint alleged that Defendant violated the FLSA and the OMWFSA by failing to pay hourly manufacturing employees for all hours worked, including overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek. Specifically, the Complaint alleged that Defendant failed to pay hourly manufacturing employees for performing the following work: (a) changing into and out of personal protective equipment; (b)

getting work instructions and/or attending meetings to receive information necessary to perform their manufacturing work; (c) walking to their assigned work area; and/or (d) performing manufacturing work that was identical to the work they performed between their scheduled start and stop time. Defendant denies these allegations.

If approved by the Court, the Settlement will provide for the issuance of Individual Payments within 14 days after the Court approves it.

The Parties respectfully submit that the proposed Settlement is fair and reasonable and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during arms-length negotiations among the Parties and conducted by experienced counsel.

The settlement documents submitted for approval or entry by the Court consist of the following:

Exhibit 1:   Joint Stipulation of Settlement and Release

Exhibit 2:   Declaration of Alanna Klein Fischer

Exhibit 3:   (Proposed) Order of Dismissal and Approving Settlement

The following sections explain the nature of the Action, the negotiations, the Settlement's principal terms, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

## II.   Factual and Procedural Background

### A.   The Action

On May 18, 2022, Plaintiff Jimmie McCall filed this Action as a result of Defendant's alleged failure to pay Plaintiff McCall and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they allegedly worked over 40 each workweek, and for all hours allegedly worked in alleged violation

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy alleged violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

Specifically, Plaintiff McCall alleged that Defendant violated the FLSA and the OMWFSA by failing to pay hourly manufacturing employees for performing the following work: (a) changing into and out of personal protective equipment; (b) getting work instructions and/or attending meetings to receive information necessary to perform their manufacturing work; (c) walking to their assigned work area; and/or (d) performing manufacturing work that was identical to the work they performed between their scheduled start and stop time. (ECF No. 1.)

Defendant subsequently answered the Complaint, denying each and every of these allegations and asserting numerous affirmative defenses. (ECF No. 7.)

On May 18, 2022, Plaintiff Katrina Deal-McCall filed a consent form to join this case. (ECF No. 2.) On October 24, 2022, Plaintiff Tonya McDonald filed a consent form to join this case. (ECF No. 13.) On November 15, 2022, Plaintiff Brandon Boyd filed a consent form to join this case. (ECF No. 14.)

On November 18, 2022, Plaintiff McCall filed a motion for conditional class certification. (ECF No. 15.) On January 6, 2023, Defendant filed its Opposition to the motion for conditional class certification. (ECF No. 19.) On January 13, 2023, Plaintiff filed his Reply. (ECF No. 20.)

On January 18, 2023, the Court stayed all proceedings pending the *A&L Homecare & Training Center L.L.C.* appeal in the Sixth Circuit. (ECF No. 21.)

On March 21, 2023, Plaintiff filed a Motion for Equitable Tolling. (ECF No. 22.) Defendant filed an Opposition on April 4, 2023. (ECF No. 23.) Plaintiff filed a Reply on April 11, 2023. (ECF No. 24.)

On May 20, 2023, the Court terminated Plaintiff's Motion for Conditional Certification, lifted the stay, and ordered the parties to submit simultaneous briefing regarding the effect of *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023) on this case. Plaintiffs submitted their respective briefs on June 5, 2023 (ECF Nos. 25, 26), and their respective responses on June 15, 2023 (ECF Nos. 27, 28).

On August 1, 2023, the Court issued a Memorandum Opinion and Order addressing this case in light of *Clark*. (ECF No. 29.)

On August 21, 2023, the Parties filed a Report of Parties' Planning Meeting. (ECF No. 30.) On August 24, 2023 and August 28, 2023, the Court held telephonic conferences.

### B. Negotiation of the Settlement

Between June 2022 and September 2023, the Parties engaged in an extensive exchange of information which included the production of time and pay information relating to the Plaintiffs, performing extensive calculations to determine the alleged damages of Plaintiffs, and holding numerous discussions regarding the calculation of alleged damages and potential resolution. (Ex. 2, at ¶ 17-19.)

The Parties engaged in substantial investigation and both formal and informal discovery prior to negotiating the Settlement. (*Id.* at ¶ 18.) Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a detailed Complaint for the Court and Defendant. (*Id.* at ¶ 22.) This included interviewing and obtaining declarations from numerous putative class members. (*Id.*) Counsel for the Parties engaged in numerous and lengthy discussions regarding their respective data analyses, the alleged damage calculations, and Plaintiffs' claims and Defendant's defenses. (*Id.* at ¶ 17.)

The Parties engaged in a comprehensive exchange of information regarding Plaintiffs'

4

claims and Defendant's defenses to such claims. (*Id.* at ¶ 18.) This included a complete analysis and calculation of Plaintiffs' alleged overtime damages. (*Id.*)

The Parties engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties. (*Id.* at ¶ 19.)

Between July 2022 and January 2023, the Parties engaged in settlement negotiations, including the exchange of numerous letters and discussions between Counsel for the Parties detailing their respective legal and factual positions, as well as mediation with the assistance of Magistrate Judge Grimes. (*Id.* at ¶ 22-23.)

On September 14, 2023, to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the lawsuit, on the terms set forth in the Settlement Agreement. (*Id.* at ¶ 20.)

  **C. The Settlement Terms**

If approved by the Court, the Settlement will cover Plaintiffs Jimmie McCall, Katrina Deal-McCall, Brandon Boyd, and Tonya McDonald (again, collectively, "Plaintiffs"). Because the proposed Settlement is an FLSA settlement for employees who have already opted in, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, no fairness hearing is required or requested by the Parties. *See Moore v. Ackerman Inv. Co.*, C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule[.]"); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

The Settlement's Gross Amount is Forty-Five Thousand Dollars and No Cents ($45,000.00), which Defendant will pay as separate payments to account for: (1) Individual Payments to each Plaintiff for his or her alleged overtime compensation owed; (2) Plaintiffs' Counsel's attorneys' fees; and (3) Plaintiffs' Counsel's expenses in the Action.

### 1. Individual Payments

Defendant will pay Six Thousand Five Hundred Eighty-Three Dollars and Sixty-Nine Cents ($6,583.69) to the Plaintiffs, which amount will be divided into Individual Payments. Plaintiffs' Counsel calculated the Individual Payments proportionally on each Plaintiff's alleged overtime damages during the Calculation Period. While Defendant disputes any amounts are owing to the Plaintiffs, for purposes of Settlement and finally resolving this matter, Defendant's Counsel approves these Individual Payments. The Individual Payments are as follows:

### a) Jimmie McCall

Defendant will pay One Thousand Nine Hundred Thirty-Eight Dollars and Sixty-Nine Cents ($1,938.69) to Plaintiff Jimmie McCall.

### b) Katrina Deal-McCall

Defendant will pay Forty-Two Dollars and Seven Cents ($42.07) to Plaintiff Katrina Deal-McCall.

### c) Brandon Boyd

Defendant will pay Three Thousand Five Hundred Seven Dollars and Thirty-Two Cents ($3,507.32) to Plaintiff Brandon Boyd.

### d) Tonya McDonald

Defendant will pay One Thousand Ninety-Five Dollars and Sixty-One Cents ($1,095.61) to Plaintiff Tonya McDonald.

### 2. Attorneys' Fees

Defendant will pay Thirty-Seven Thousand Four Hundred Thirty-One Dollars and Thirty-One Cents ($37,431.31) to Plaintiffs' Counsel for attorneys' fees incurred to date and attorneys' fees that Plaintiffs' Counsel anticipates incurring following the filing of the Settlement.

### 3. Attorneys' Expenses

Defendant will pay Nine Hundred Eighty-Five Dollars and No Cents ($985.00) to Plaintiffs' Counsel for expenses incurred prior to the Settlement in prosecuting these claims.

### 4. Release of Claims

In exchange, the Action will be dismissed with prejudice, and Plaintiffs will release Defendant from federal and state wage-and-hour claims, rights, demands, liabilities, and causes of action asserted in Plaintiff's Complaint, including, but not limited to, claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and corresponding state wage and hour statutes, constitutional rights and common law theories for the Release Period.

## III. The Approval's Propriety

The proposed Settlement Agreement is subject to the Court's approval pursuant to Section 216(b) of the FLSA. As shown in the attached Declaration of Plaintiffs' Counsel Alanna Klein Fischer and as explained below, the Court's approval is warranted.

### A. The Seven-Factor Standard is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868, *1 n. 1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982)).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and *Crawford* applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). As shown below and in the Declaration of Alanna Klein Fischer (*see* Exhibit 2), the standard supports the Settlement's approval.

#### 1. No Indicia of Fraud or Collusion Exists

The Parties' respective counsel has extensive experience litigating claims under the FLSA. The Settlement was achieved after arms-length and good faith negotiations between the Parties. As such, there is no indicia of fraud or collusion.

8

### 2. The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval

The policy favoring the settlement of class actions and other complex cases applies forcefully here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming.

Defendant denies Plaintiffs' allegations and denies that it violated any wage and hour law as to Plaintiffs. Further, Defendant claims that even if Plaintiffs could succeed on the merits (which Defendant contends they could not), Plaintiffs cannot prove a willful violation of the law, and thus, no wages would be owed for the third year of the three-year limitations period. In addition, the Parties disagree as to whether Plaintiffs could recover liquidated damages under the FLSA.

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Parties would need to engage in extensive briefing regarding court-facilitated notice and summary judgment. Discovery would be expensive and time consuming given the continued factual and legal disputes between the Parties. The Settlement, on the other hand, provides prompt, efficient, and substantial relief to Plaintiffs, and amplifies the benefits of that relief through the economies of collective resolution.

### 3. Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation prior to negotiating the Settlement Agreement. Relevant information was exchanged including a complete analysis of each Plaintiff's alleged overtime damages with respect to the claims alleged in the lawsuit. (Ex. 2, ¶ 18, 23.) Defendant performed its own data analysis. Plaintiffs' Counsel obtained and reviewed detailed payroll records for the Plaintiffs, and the legal issues in the case were extensively researched by counsel for the Parties. (*Id.* at ¶ 21.)

### 4. The Risks of Litigation Favor Approval

"The likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured." *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984). Given the factual and legal complexity of this matter, it is difficult to assess Plaintiffs' likelihood of success at trial. Plaintiffs' claims are based on disputed issues of fact and law, and Plaintiffs' success at trial is far from guaranteed. In sum, although Plaintiffs assert that their claims are meritorious, the action certainly is not without risk. This factor thus weighs in favor of approval.

Counsel for both Parties believe in the respective merits of their clients' positions, but nonetheless recognize that litigation is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raised affirmative defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all and at each stage, including certification, decertification, summary judgment, and trial.

Even if Plaintiffs succeed on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree. (Ex. 2, ¶ 26.) Further, a jury could find that Defendant acted in good faith, and thus not award any liquidated damages. Any of these scenarios, among others, could result in a monetary award of less than the amount obtained through this Settlement.

### 5. Counsel and the Parties Favor the Settlement Agreement

Plaintiffs' range of possible recovery is also disputable. Even if Plaintiffs succeed on the merits of their claims, the recovery amount is uncertain and something upon which the Parties continue to disagree.

The endorsement of experienced counsel "is entitled to significant weight, and supports the fairness of the class settlement." *UAW v. Ford Motor Co.*, No. 07-CV-14845, 2008 WL 4104329,

at *26 (E.D. Mich. Aug. 29, 2008). Here, Plaintiffs' Counsel believes the settlement is fair, reasonable, and adequate. (See Ex. 2, ¶ 36.) Plaintiffs' Counsel has extensive experience in wage-and-hour actions, has acted in good faith, and has vigorously represented their client, including the Opt-In Plaintiffs, in negotiating the Settlement. (*See* Ex. 2.) The Plaintiffs have been fully informed and involved in the settlement process and agrees to the settlement as well as the Settlement Agreement. *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 533 (E.D. Ky. 2010), *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011).

### 6. Settlement is in the Public Interest

The Settlement ends complex litigation that has been pending for over 16 months and provides substantial relief to Plaintiffs and avoids protracted, costly litigation. *See Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 905-06 (S.D. Ohio 2001). The Settlement's terms are equitable and provide a reasonable resolution to the action. Each Plaintiff will receive nine minutes per day worked over a three-year period. (Ex. 2 at ¶ 33.) Continued litigation would increase the attorneys' fees and costs, with no guarantee of a larger verdict (or any verdict) in favor of the Plaintiffs. In fact, rulings by this Court or a verdict by a jury could result in less of (or no) recovery for the Plaintiffs.

### B. The Settlement Distributions are Fair, Reasonable, and Adequate

As a part of the scrutiny applied to an FLSA settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urb. Cnty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *9 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999)). All components of the proposed distribution are proper and reasonable, and the settlement is fair, reasonable, and adequate for Plaintiffs.

As shown above, the seven-factor standard supports approval of the Settlement. The Parties' counsel has extensive experience litigating FLSA claims and there is no fraud or collusion. (*See* Exhibit 2.) The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. (*Id*. at ¶ 37.) The Parties have engaged in substantial investigation prior to and during the negotiations, and the issues are well understood by both sides. (*Id.* at ¶ 22.) The outcome is uncertain for the Plaintiffs, and the risks of continued litigation are evident for both sides. The Parties' experienced attorneys support the Settlement, as do the Plaintiffs. (*See* Exhibit 2.) Plaintiffs' Counsel calculated each Plaintiff's Individual Payment proportionally on each Plaintiff's alleged overtime damages.

If approved by the Court, the proposed Settlement will provide adequate payments to the Plaintiffs for alleged unpaid overtime compensation. However, continued litigation over these issues would be expensive, result in attorneys' fees and costs that would likely exceed the contested amount, and would be risky for Plaintiffs as a determination regarding those amounts would hinge on certain, in addition to various legal disputes, factual disputes that would need to be determined by a jury. (*Id*. at ¶ 46.) As such, the Parties reached a compromise considering the likely risks for both sides.

Pursuant to the Settlement Agreement, each Plaintiff will receive at least nine minutes per shift worked each week per week, before attorneys' fees and costs. (*Id*. at ¶ 35.) Accordingly, the settlement proceeds are fair, reasonable, and adequate.

### C. Plaintiffs' Counsel's Fees and Expenses are Proper and Reasonable

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

The Sixth Circuit has underscored that "an award of attorney fees … encourage[s] the vindication of congressionally identified policies and rights," and thus "we have 'upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134-1135 (6th Cir. 1994) (internal quotation omitted). *Fegley* upheld an award of $40,000.00 in fees even though the plaintiff recovered $7,680.00 in damages. *Id.* Courts outside the Sixth Circuit similarly do not unduly emphasize the plaintiff's recovery when assessing attorneys' fees. *See, e.g., Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir.1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Gonzalez v. Bustleton Servs., Inc.*, No. CIV.A. 08-4703, 2010 WL 3282623, at *7 (E.D. Pa. Aug. 18, 2010) (awarding $73,195 in attorneys' fees, $2,871.78 in attorneys' costs in an FLSA action where plaintiffs recovered $18,495.68); *Albers v. Tri-State Implement, Inc.*, No. CR. 06-4242-KES, 2010 WL 960010, at *26 (D.S.D. Mar. 12, 2010) (awarding $43,797 in attorneys' fees and $2,137.97 in damages); *Perrin v. John B. Webb & Assocs., Inc.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005) (awarding $7,446 in attorneys' fees and $270 in damages, recognizing that "in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.*, No. CIV. A. 89-6522, 1992 WL 398381, at *6 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20).

Plaintiffs' Counsel's Declaration demonstrates the proposed fees' and expenses' fairness and reasonableness. (*See* Exhibit 2.)

13

Pursuant to the Settlement, Defendant will pay Plaintiffs' Counsel Thirty-Seven Thousand Four Hundred Thirty-One Dollars and Thirty-One Cents ($37,431.31) in attorneys' fees. The total fees that Plaintiffs' counsel has incurred and expects to incur after filing the Settlement are greater than the fees the Settlement awards. *See* Exhibit 2 for further discussion on the fees' propriety and reasonableness.

Further pursuant to the Settlement, Defendant will pay Plaintiffs' Counsel Nine Hundred Eighty-Five Dollars and No Cents ($985.00) for expenses that Plaintiffs' Counsel has incurred to date in the litigation of this Action. (Ex. 2, ¶ 35.)

## IV. Conclusion

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order of Dismissal and Approving Settlement attached as Exhibit 3.

Respectfully submitted,

| | |
|---|---|
| /s/ *Alanna Klein Fischer* | /s/ *Jeffrey R. Vlasek* |
| Alanna Klein Fischer (0090986) | Gregory V. Mersol (0030838) |
| Anthony J. Lazzaro (0077962) | Jeffrey R. Vlasek (0082771) |
| The Lazzaro Law Firm, LLC | Carrie A. Valdez (0094004) |
| The Heritage Bldg., Suite 250 | **BAKER & HOSTETLER LLP** |
| 34555 Chagrin Boulevard | Key Tower |
| Moreland Hills, Ohio 44022 | 127 Public Square, Suite 2000 |
| Phone: 216-696-5000 | Cleveland, OH 44114 |
| Facsimile: 216-696-7005 | Telephone: (216) 621-0200 |
| anthony@lazzarolawfirm.com | Facsimile: (216) 696-0740 |
| alanna@lazzarolawfirm.com | gmersol@bakerlaw.com |
| | jvlasek@bakerlaw.com |
| Attorneys for Plaintiff | cvaldez@bakerlaw.com |
| | |
| | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2023 a copy of the foregoing was sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

*/s/ Alanna Klein Fischer*
One of the Attorneys for Plaintiff
