UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE MCCALL, on behalf of himself and others similarly situated, | ) ) ) ) | CASE NO. 5:22-cv-816 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| v. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| SOFT-LITE, L.L.C., | ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the parties' joint motion for approval of settlement and dismissal of the case (Doc. No. 31 (Motion)), supported by the Declaration of plaintiffs' counsel Alanna Klein Fischer (Doc. No. 31-2 (Fischer Declaration)). Because the Court finds that the settlement represents a fair resolution of plaintiffs' claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the joint motion is granted, the settlement is approved, and the case is dismissed with prejudice.

I. BACKGROUND

On May 18, 2022, plaintiff Jimmie McCall ("McCall") filed this action, alleging that defendant Soft-Lite L.L.C. ("Soft-Lite") violated the FLSA and Ohio Minimum Fair Wage Standards Act by failing to pay him and others similarly situated[1] for all the overtime compensation to which they were entitled. (Doc. No. 31, at 1.) Over the course of the litigation, three potential

---

[1] Plaintiff brought a collective action under the FLSA and a class action under Fed. R. Civ. P. 23. (*See generally* Doc. No. 1 (Complaint).) The proposed settlement resolves the case under the FLSA and involves McCall and the three opt-in plaintiffs: Katrina Deal-McCall, Brandon Boyd, and Tonya McDonald (collectively, "plaintiffs"). (*See* Doc. No. 31, at 1. All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.)

plaintiffs filed consent forms to opt in to the putative collective. (*See* Doc. No. 2 (Katrina Deal-McCall); Doc. No. 13 (Tonya N. McDonald); Doc. No 14 (Brandon Boyd).) Soft-Lite denied all allegations of wrongdoing. (Doc. No. 31, at 2.)

On November 18, 2022, McCall filed a motion for conditional class certification. (*Id.* at 3.) On January 18, 2023, the Court stayed all proceedings pending the decision in *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023). (*Id.*) On May 20, 2023, the Court terminated the motion for conditional class certification, lifted the stay, and ordered the parties to submit simultaneous briefing regarding *Clark*'s effect on this case. (*Id.* at 4.) On August 1, 2023, the Court issued a memorandum opinion and order addressing this case in light of *Clark*. (*Id.*) Between June 2022 and September 2023, the parties engaged in formal and informal discovery, exchanged information about their respective positions, and completed an analysis and calculation of the plaintiffs' alleged damages. (*Id.* at 4–5.) Between July 2022 and January 2023, the parties engaged in settlement negotiations and mediation with the assistance of Magistrate Judge James Grimes. (*Id.* at 5.) On September 14, 2023, the parties reached an agreement to settle the lawsuit (*id.*), and on October 6, 2023, they filed the instant motion for approval of the settlement.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202) (further citation omitted).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances where a federal district court approves the settlement of a suit brought pursuant to § 216(b) of the FLSA. *Id.*

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and, the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

**III. ANALYSIS**

At the outset, the Court finds that the divergent views of the facts and the law presented a bona fide dispute that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The parties' motion confirms the same. (Doc. No. 31, at 1.) In particular, the parties disagreed about whether plaintiffs were entitled to overtime compensation for various tasks they completed outside of their scheduled start and stop times. (*Id.* at 1–2.)

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to the bona fide dispute. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. While the Court is not in a position to assess the likelihood of success on the merits, the Court finds that the other relevant factors weigh in favor of approving the settlement.

With respect to the monetary awards, the settlement provides that the money paid to the plaintiffs will be divided into individual payments, which will be calculated proportionally on each plaintiff's alleged overtime damages during the calculation period. (Doc. No. 31, at 6.) The Court has taken into account the opinion of counsel in this collective action, who has expressed the opinion that the proposed settlement fairly accounts for the compensation alleged to be owed to the plaintiffs. (*See* Doc. No. 31-2 ¶¶ 28–29.) The Court agrees with counsel that this is a fair and adequate compromise of the disputed claims.

Additionally, the Court finds that the award of attorney's fees to plaintiffs' counsel, which is supported by the declarations filed by counsel, is reasonable, taking into consideration the course of proceedings and the successful outcome providing substantial relief to McCall and other potential plaintiffs to the collective action. Furthermore, the parties incurred additional expenses

in preparing briefing regarding the impact of the recent developments in the law on FLSA actions. (*See* Doc. No. 25 ("Plaintiff's Brief on *Holder*'s Impact on This Case"); Doc. No. 26 ("Defendant's Memorandum Discussing the Implications of the *Clark* Decision on This Litigation"); Doc. No. 27 ("Plaintiff's Brief in Response to *Defendant's Memorandum Discussing the Implications of the* Clark *Decision on This Litigation*")). Although plaintiffs' counsel is recovering approximately 5.5 times the total monetary award (*see* Doc. No. 31, at 6–7), this does not render the award of attorney's fees unreasonable. *See, e.g.*, *Fegley v. Higgins*, 19 F.3d 1126, 1134–35 (6th Cir. 1994) (upholding an award of $40,000.00 in fees when the plaintiff recovered $7,680.00 in damages). Indeed, the Sixth Circuit has "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages." *Posner v. The Showroom, Inc.*, 762 F.2d 1010 (Table), 1985 WL 13108, at *2 (6th Cir. 1985).

### IV. CONCLUSION

For the foregoing reasons, the Court approves the parties' joint motion for approval of settlement. (Doc. No. 31.) The claims in plaintiffs' complaint are dismissed with prejudice, and this case is closed. The Court retains jurisdiction over this action to enforce the terms of the settlement.

**IT IS SO ORDERED**.

Dated: October 19, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**